1  FINKELSTEIN & KRINSK LLP
   Jeffrey R. Krinsk, Esq. (SBN 109234)
2  jrk@classactionlaw.com
   Trenton R. Kashima, Esq. (SBN 291405)
3  trk@classactionlaw.com
   550 West C St., Suite 1760
4  San Diego, California 92101
   Telephone: (619) 238-1333
5  Facsimile:  (619) 238-5425

6  Jason J. Thompson (pro hac vice anticipated)
   jthompson@sommerspc.com
7  Jesse L. Young (pro hac vice anticipated)
   jyoung@sommerspc.com
8  SOMMERS SCHWARTZ, P.C.
   One Towne Square, Suite 1700
9  Southfield, Michigan 48076
   Telephone: (248) 355-0300
10 Facsimile: (248) 436-8453

11 *Counsel for Plaintiffs and Putative Class*

12
                    **UNITED STATES DISTRICT COURT**
13
                 **SOUTHERN DISTRICT OF CALIFORNIA**
14
   **CHRISTOPHER TILLER and**         Case No:  '17CV2526 BEN MDD
15 **MARIA VELASCO-GOMEZ**,
   individually and
16 on behalf of all other similarly situated,   **COLLECTIVE/ CLASS ACTION**
                                               **COMPLAINT**
17                              Plaintiffs,

18 v.

19 **CONSOLIDATED CLEANING**            **JURY TRIAL DEMANDED**
   **SYSTEMS, LLC, f/k/a EXCEL**
20 **MANAGEMENT SERVICES, LLC**, a
   limited liability company, **GREG**
21 **AUGUSTYN**, an individual, jointly and
   severally
22
                              Defendants.
23

24

25

26

27

28

    CLASS ACTION COMPLAINT                              CASE NO.:

1   Plaintiffs, Christopher Tiller and Maria Velasco-Gomez (hereinafter
2   "Plaintiffs") allege based on their own experiences, and as to all other allegations,
3   based upon the investigation of counsel, as follows:

4   **I.**   **INTRODUCTION**

5   1.   This is a collective and class action brought for violations of the Fair
6   Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"); California Labor
7   Code ("Labor Code"); the California Industrial Welfare Commission Wage Order
8   Nos. 4 and 9; and the California Business & Professional Code section 17200, et seq.,
9   as a FLSA § 216(b) collective action and California state-wide class action pursuant to
10   Fed. R. Civ. P. 23(b)(3).

11   2.   Defendants Consolidated Cleaning Systems, LLC, f/k/a Excel
12   Management Services, LLC, and Greg Augustyn (hereinafter "Defendants") for
13   violations of the Labor and Business and Profession Codes.  The California Labor
14   Code requires employers to provide to its employees, among others things, itemized
15   wage statements, meal and rest periods, minimum and overtime wages,
16   reimbursement of necessary expenses, accurate timekeeping, and prompt payment of
17   wages upon termination.

18   3.   As set forth below, Defendants failed to provide meal periods and rest
19   breaks, failed to provide premium wages for unprovided meal and/or rest periods,
20   failed to pay at least the minimum wage for all hours worked, failed to pay overtime
21   wages as required by law, failed to provide accurate written wage statements, and
22   failed to pay wages within the time periods required by law.

23   4.   Plaintiffs seek a declaration that their rights, and the rights of the putative
24   Class, were violated, an award of unpaid wages, an award of liquidated damages,
25   injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and
26   costs to make them whole for damages they suffered, and to ensure that they and
27   future workers will not be subjected by Defendants to such illegal conduct in the
28   future.

CLASS ACTION COMPLAINT                    CASE NO:

## II. JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

7.     This Court has personal jurisdiction over Defendants because Defendants conducted business in this State, had systematic and continuous ties with this state, and had agents and representatives in this state.   Thus, Defendants had sufficient minimum contacts with or otherwise purposefully avail itself of the markets in the State of California, or otherwise had sufficient contacts with this District to justify it being fairly brought into court in this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiffs and at least some of the putative Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District.   Defendants own, operate, and/or maintain offices, transact business, employ Class Members within the District, or otherwise are found within the District. Defendants are within the jurisdiction of this Court for purpose of service of process.

## III. PARTIES

### A.     Plaintiff Christopher Tiller

9.     Defendants offered employment to Plaintiff Tiller in 2011-12, which was accepted.    Plaintiff Tiller cleaned and performed janitorial services in both commercial and residential locations.

10.     Defendants hired Plaintiff and instructed him how to perform his job.

11.     Plaintiff Tiller would start working at approximately 11:30 p.m. and worked until approximately 4:00 a.m or 5:00 a.m. each day.

12.     Plaintiff Tiller typically worked five to six days a week.

13.     However, Plaintiff Tiller was not paid for all hours worked.

14.     Plaintiff Tiller would inform his supervisor Defendant Augustyn of the hours he worked, but Defendant Augustyn would not pay him for all hours worked.

15.     For example, if Plaintiff told Greg he worked four and a half hours, Defendant Augustyn would only pay him for 4 hours.

16.     Plaintiff Tiller was paid $10.00 an hour.

17.     On occasion, Plaintiff Tiller worked more than forty hours in a single week.

18.     Plaintiff Tiller was never paid overtime for any hours he worked in excess of forty hours in a single work week.

19.     Plaintiff Tiller was not paid the applicable minimum wage for all hours worked.

20.     Defendant Augustyn told Plaintiff Tiller that he was not permitted to take meal or rest breaks during the workday.

21.     As a result, Plaintiff Tiller did not take lunch or rest breaks and had to eat her lunch in between job sites as he drove from one location to the next.

22.     Plaintiff Tiller worked for Defendants until October 2016.

23.     Due to unpaid hours over the course of Plaintiff Tiller's employment, his pay also fell below the statutorily mandated minimum wage for all hours worked.

24.     Attached hereto as **Exhibit A** is Plaintiff Tiller's consent to join a collective FSLA action.

**B.     Plaintiff Maria Velasco-Gomez**

25.     Defendants offered employment to Plaintiff Velasco-Gomez on or around March 2010, and Plaintiff Velasco-Gomez accepted.   Plaintiff Velasco-Gomez

CLASS ACTION COMPLAINT                                    CASE NO:

cleaned and performed janitorial services in both commercial and residential locations.

26. Plaintiff Velasco-Gomez also directed and supervised the work of others.

27. Plaintiff Velasco-Gomez normally worked seven days a week.

28. Plaintiff Velasco-Gomez worked from 4:00 p.m. to 8:00 a.m. 3 or 4 times each month.

29. Plaintiff Velasco-Gomez worked from 12:00 a.m. until 8:00 a.m. all other days.

30. Plaintiff Velasco-Gomez normally worked about seventy hours per work week.

31. Plaintiff Velasco-Gomez was paid between $1,200 and $1,500 every two weeks, depending on the jobs she completed.

32. Plaintiff Velasco-Gomez was paid the first $500 by check, and the rest was paid with cash.

33. Plaintiff Velasco-Gomez was occasionally shorted $50-$100.

34. Plaintiff Velasco-Gomez was never paid overtime.

35. Plaintiff Velasco-Gomez was not paid minimum wage.

36. Defendant Augustyn told Plaintiff Velasco-Gomez that she was not permitted to take meal or rest breaks during the workday.

37. As a result, Plaintiff Velasco-Gomez did not take lunch or rest breaks and had to eat her lunch in between job sites as she drove from one location to the next.

38. Attached hereto as **Exhibit B** is Plaintiff Velasco-Gomez's consent to join a collective FSLA action.

**C. Defendant Consolidated Cleaning Systems, LLC, f/k/a Excel Management Services, LLC**

39. Defendant Excel Management Services, LLC was in the business of providing janitorial and cleaning services to customers in California. Excel Management Services was a Nevada Limited Liability Company, with its principle

- 4 -

executive office at 1468 James Rd., Gardnerville, NV 89460 and its principle California place of business at 5256 South Mission Rd., No. 703, Ste. 25, Bonsall CA 92003.   At all times relevant, Plaintiffs were employed by Excel Management Services, LLC.

40.   Defendant Excel Management Services, LLC ceased doing business in California on January 18, 2017.   Based on information and belief, Defendant Consolidated Cleaning Systems, LLC assumed Excel Management Services, LLC business activities.

41.   Consolidated Cleaning Systems was registered with the California Secretary of State, shortly after Excel Management Services stopped doing business in California.   Consolidated Cleaning Systems also provides janitorial and cleaning services to customers in California.   Consolidated Cleaning Systems is a Nevada Limited Liability Company, with its principle executive office at 1468 James Rd., Gardnerville, NV 89460 and its principle California place of business at 5256 Fenton Pkwy., No. 107, Ste. 174, San Diego CA 92018.   Defendant Augustyn is the owner and president of Defendant Businesses Consolidated Cleaning Systems, LLC and was the owner and president of Excel Management Services, LLC.

**D.   Defendant Greg Augustyn**

42.   As noted above, Defendant Greg Augustyn is the owner and president of Defendant Businesses Consolidated Cleaning Systems, LLC and was the owner and president of Excel Management Services, LLC.   Defendant Augustyn held plenary power of the employment of Plaintiffs and the members of the Putative Class.   In particular, Defendant Augustyn had the power in hiring and firing of his employees, supervised and controlled the work schedules and employment conditions of his employees, determined the rate and method of payment of his employees, and maintained records for his employees.

- 5 -

## IV.   <u>GENERAL ALLEGATIONS</u>

43.    Plaintiffs and Class Members were employed by Defendants to clean and provide janitorial services at properties located in San Diego County and other counties in California.

44.    During their employment with Defendants, Defendants provided Plaintiffs and Class Members with instruction on how to perform their work and Defendants supervised in all aspects of their work. Defendants made all decisions directly affecting Plaintiffs and Class Members. Additionally, Defendants set Plaintiffs and Class Members' work schedules.

45.    Defendant Augustyn played an integral role in directing Plaintiffs work. Defendant Augustyn oversaw the day-to-day operations of Defendants' business. Defendant Augustyn played an integral role in any and all decisions affecting Plaintiffs, including setting Plaintiffs' work schedule and pay rate. Defendant Augustyn was also responsible for approving the compensation paid to Plaintiffs and decreased the number of hours Plaintiffs were to be paid.

46.    Defendants process its payroll in the State of California.

47.    Plaintiffs and Class Members did not punch into a timekeeping system. It was Defendants' company-wide policy and practice to compensate employees like Plaintiffs and those in similar positions on a flat rate per-day and/or per-hour basis regardless of the number of hours worked in a given workweek. Defendants' decision to enact and enforce its company-wide policy and practice regarding flat rate compensation was made at one of Defendants' business locations in the State of California.

48.    Additionally, in the course of performing their job responsibilities, it was Defendants' company-wide policy for Plaintiffs and Class Members to work off-the-clock without compensation. For example, Plaintiffs and Class Members were often not paid for the time it took for them to travel to the jobsite. Plaintiffs and Class Members were also shorted compensation on a number of their paychecks.

49.    Plaintiffs and Class Members worked more than forty hours in a given workweek, seven days in a workweek, and more than eight hours in a single day (some times more that twelve hours in a shift).  However, Defendants paid Plaintiffs and Class Members based on a flat per-day and/or per-hour basis and failed to pay Plaintiffs and Class Members an overtime premium for all hours worked over forty in a workweek and over eight hours in a work day.  Defendants paying Plaintiffs and Class Members on a flat per-day and/or per-hour basis also resulted in Defendants failing to pay Plaintiffs the statutorily mandated minimum wage.

50.    Plaintiffs and Class Members should have been paid one and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including twelve hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek ("overtime compensation").  Additionally, Plaintiffs and Class Members should have been paid double the employee's regular rate of pay for all hours worked in excess of twelve hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.  None of Defendants' employees were specifically exempted from receiving overtime pay.

51.    As a result of Defendants' company-wide employment policy, Plaintiffs and Class Members were not compensated an overtime wage for all hours worked in excess of forty during a workweek, six days in a week, and/or eight hours in a day.  Plaintiffs should also have been paid the statutorily mandated minimum wage for all hours worked.  However, often Plaintiffs and Class Members pay was shorted because of the business practices alleged above, resulting in an hourly wage that was less than the required minimum wage.

52.    Plaintiffs have actual knowledge—through discussions with other workers and their personal observations of other working for Defendants—that other Class Members had similar schedules with a similar amount of weekly hours and were subject to the same compensation policies.

- 7 -

53.     In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours.  A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours.  Further, employers must provide 10-minute paid rest period for every four hours worked or major fraction thereof.  If an employer fails to provide a required meal and rest periods, that employee is entitled to one additional hour of pay for that workday.

54.     Defendants' company-wide employment policy did not provide set periods for meals and rest for their employees.  Indeed, Defendant Greg Augustyn specifically told Plaintiffs and Class Members to work more than five hours without a meal break and more than ten hours without a second meal break.    Likewise, Defendant Augustyn instructed Plaintiffs and Class Members to work without a 10-minute paid rest period during their shifts.  Plaintiffs and Class Members did not waive their meal or rest periods and were not paid an extra additional hour of pay.

55.     Finally, Defendants did not provide Plaintiffs and Class Members with accurate written wage statements.  Pursuant to California Labor Code Section 226(a), employers must provide the following information to their employees at least twice a month, and at the time of each payment of wages, including:

(a) The gross wages earned by the employee during the pay period;

(b) The total hours the employee worked during the pay period;

(c)  The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

(d)  All deductions from the employee's gross wages;

(e)  The net wages earned by the employee;

(f)  The dates of the pay period for which the employee is being paid; and

CLASS ACTION COMPLAINT                                        CASE NO:

(g) The hourly rates in effect during the pay period, and the number of hours worked at each pay rate during the pay period.

But, Plaintiffs and other Class Members did not receive accurate and timely written wage statements.

56. Defendants knew or could have easily determined how long it took for their Class Members to complete their work, and Defendants could have properly compensated Plaintiffs and the putative Class for this work, but did not.

## V. **FLSA COLLECTIVE ACTION ALLEGATIONS**

57. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> **All of Defendants' current and former employees, in California, who provided cleaning and janitorial services for Defendants within the applicable statutory period.**

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition if necessary.

58. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated Class Members.

59. Excluded from the proposed FLSA Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales persons.

60. Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

61. Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid the statutorily mandated minimum wage for all hours worked.

62. All of the work that Plaintiffs and the FLSA Collective members performed was assigned by Defendants, and/or Defendants were aware of all of the work that Plaintiffs and the FLSA Collective members performed.

- 9 -

• As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective members.  This policy and pattern or practice includes, but is not limited to:

• willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, for all hours worked including premium overtime wages for all hours worked in excess of 40 hours per workweek; and

63. wilfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, worked for Defendants' benefit.

64. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

65. Defendants failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

66. Defendants' unlawful conduct was widespread, repeated, and consistent.

67. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

68. There are many similarly situated current and former janitors who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

69.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

70. Those similarly situated employees are known to Defendants, are readily

- 10 -

identifiable, and can be located through Defendants' records.

71.    Plaintiffs estimate the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundreds, if not thousands, of workers. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## VI.    RULE 23 CLASS ACTION ALLEGATIONS

72.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on their own behalf and on behalf of all similarly situated current and former employees of Defendants who are or were employed at any time in the last four years.  Plaintiffs propose the following class definition:

> **All of Defendants's current and former employees, in California, who provided cleaning and janitorial services for Defendants within the applicable statute of limitations.**

Plaintiffs reserve the right to amend the putative class definition if necessary.

73.    Plaintiffs share the same interests as the putative class and will be entitled under the California Labor Code to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

74.    The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendants employed hundreds, if not thousands, of Class Members throughout California.  The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel, scheduling, time, phone, and payroll records, and from input received from the putative Class members.

75.    The putative Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendants engaged in a common course of conduct that violated the legal rights of Plaintiffs and the Class.  Individual questions

- 11 -

that Plaintiffs' claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

a.   Whether Defendants engaged in a policy or practice of failing to pay each Class member regular wages for each non-overtime hour worked.

b.   Whether Defendants engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

c.   Whether Defendants engaged in a policy or practice of failing to pay each Class member the minimum wage for each hour worked;

d.   Whether Defendants violated Labor Code sections 221 and 223 by making unlawful deductions to Class members' wages;

e.   Whether Defendants failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

f.   Whether Defendants violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

g.   Whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

h.   Whether Defendants violated sections 1174 and 1175 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to maintain records pertaining to when Class members began and ended each work period, the total daily hours worked, and the total hours worked per pay period;

i.   Whether Defendants violated section 510 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to accurately calculate regular rates of pay for overtime purposes;

j.   Whether Defendants violated section 2208 of the Labor Code by willfully failing to reimburse each Class member any reasonable business expenses incurred;

k.   Whether Defendants were unjustly enriched by the work and services performed by Class members without compensation;

l.   Whether Defendants engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*; and

- 12 -

m.   Whether Defendants should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

76.   The status of all individuals similarly situated to Plaintiffs raises an identical legal question: whether Defendants' Class Members are entitled to back wages, including overtime.

77.   The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative Class members were all employed by Defendants and performed their job duties without receiving wages, including overtime wages, owed for that work.

78.   The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

79.   The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

80.   The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

81.   Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit

- 13 -

the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

**COUNT I**
**VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

82.  Plaintiffs re-allege and incorporate all previous paragraphs herein.

83.  At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

84.  At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

85.  Plaintiffs and the FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

86.  Defendants are not "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2) of the FLSA.

87.  Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

83.  At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

84.  At all times relevant to this action, Defendants required Plaintiffs and the FLSA Collective members to perform off-the-clock work each shift, but failed to pay these employees the federally mandated overtime compensation for this work.

85.  The off-the-clock work performed every shift by Plaintiffs and the FLSA Collective members is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

86.  In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other

- 14 -

overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage.  29 U.S.C. § 207.

87.    Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it took for their Class Members to perform their off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective for these work activities, but did not.

88.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME**

89.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

90.    At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

91.    At all relevant times, Plaintiffs and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

92.    Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours

- 15 -

on the seventh (7th) consecutive day of work in a workweek.

93. At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

94. At all relevant times, Defendants failed and refused to pay Plaintiffs and the Class members for any and all hours actually worked in excess of the scheduled shift.

95. Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other Class members who worked overtime hours.

96. Plaintiffs and the Class were entitled to receive overtime compensation at their lawful regular rate of pay, including the shift differential where applicable. Defendants' failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

97. Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owed, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay for all time worked and such premium compensation, as is required under California law.

**COUNT III**
**VIOLATION OF THE CALIFORNIA LABOR CODE §§ 510, 1194, AND**
**IWC WAGE ORDER – FAILURE TO PAY MINIMUM WAGE AND**
**OVERTIME**

98. Plaintiffs re-allege and incorporate all previous paragraphs herein.

99. At relevant times, in addition to the FLSA, Defendants were required to compensate Plaintiffs and all Class members at a minimum wage and at one and one-

- 16 -

CLASS ACTION COMPLAINT                    CASE NO:

half times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

100.   At all relevant times, Defendants suffered, permitted, and/or required Plaintiffs and all Class members to work in excess of eight (8) hours per day and/or forty (40) hours per week, but were not paid a minimum wage or overtime pay as required by California law.

101.   As a result of the unlawful acts of Defendants, Plaintiffs and all Class members were deprived of their rightfully earned minimum wages and overtime pay in amounts to be determined at trial.

102.   None of the provisions of the California Labor Code can be contravened, set aside abrogated, or waived by Plaintiffs or the Class.

103.   The California Industrial Welfare Commission Order No. 9-2011 ("Wage Order No. 9") regulates the wages, hours and working conditions in the transportation industry.

104.   Wage Order No. 9 applies to all person employed in the transportation industry whether paid on a time, piece rate, commission, or other basis.

105.   Defendants' conduct violated California Labor Code §§ 510, 1194 and Wage Order No. 9. Therefore, pursuant to California Labor Code §1194, Plaintiffs and all putative class members are entitled to recover damages for the nonpayment of minimum wage and overtime pay for all hours worked in excess of eight (8) hours per day or forty (40) hours per week, interest on that amount pursuant to California Labor Code §218.6, plus reasonable attorneys' fees and litigation costs.

106.   As a result of the foregoing conduct, Plaintiffs, on behalf of themselves and all members of the Class, seek unpaid minimum wages at the required legal rate for all of their working hours during the relevant time period; all other damages; attorneys' fees and costs; restitution; penalties; injunctive relief; interest calculated at the highest legal rate; and all other relief allowed by law, including applicable attorneys' fees and costs.

- 17 -

CLASS ACTION COMPLAINT                                    CASE NO:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT IV**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223**
**UNLAWFUL DEDUCTIONS**

107.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

108.   At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

109.   Defendants made deductions from Plaintiffs' and the Class members' paychecks in the amount of the overtime premiums earned by the employee during the pay period so as to avoid paying overtime compensation.

110.   Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

111.   Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code section 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

112.   As a result of the conduct alleged above, Defendants unlawfully collected or received from Plaintiffs and the Class part of the wages paid to their employees.

113.   Wherefore, Plaintiffs demand the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

**COUNT V**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512, AND**
**IWC WAGE ORDER – FAILURE TO PROVIDE MEAL/REST BREAKS**

114.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

115.   Labor Code § 512, and IWC Wage Order No. 5 § 11(A) and (B) provide

CLASS ACTION COMPLAINT                          CASE NO:

that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

116.   IWC Wage Order No. 5 § 12(A) provide that an employer shall employ take ten (10) minute rest periods for every four (4) hours or major fraction thereof. These rest periods may not be deducted from the individual wages.

117.   At all relevant times, Plaintiffs and the Class consistently worked in excess of five (5) or ten (10) hours in a day.

118.   At all relevant times, Defendants regularly required employees to perform work during their first and/or second meal and rest periods without proper compensation. Defendants regularly required employees to perform work in excess of four hours without a rest period.  The practice of requiring employees to perform work during their legally mandated meal or rest periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5.

119.   Defendants purposefully elected not to provide meal or rest periods to Plaintiffs and Class members, and Defendants acted willfully, oppressively, and in conscious disregard of the rights of Plaintiffs and the Class members in failing to do so.

120.   Plaintiffs are informed and believe Defendants did not properly maintain records pertaining to when Plaintiffs and the Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 5 § 7(A).

121.   As a result of Defendants' knowing, willful, and intentional failure to provide meal or rest breaks, Plaintiffs and the Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal or rest period was not provided, pursuant to Labor Code § 226.7 and 1WC

- 19 -

Wage Order No. 5 § 11(D) & 12(B), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

122.    Defendants' wrongful and illegal conduct in failing to provide Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs and the Class members in that Defendants will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiffs and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

123.    Wherefore, Plaintiffs demand pursuant to Labor Code Section 227.7(b) that Defendants pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal or rest period was not provided.

**COUNT VI**
**VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

124.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

125.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

126.    At all relevant times, Defendants failed to maintain proper records and furnish Plaintiffs and the Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

127.    At all relevant times, Defendants failed to furnish Plaintiffs and the Class

- 20 -

members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

128.   Plaintiffs are informed and believe that Defendants knew or should have known that Plaintiffs and the Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendants willfully and intentionally failed to provide Plaintiffs and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

129.   Wherefore Plaintiffs demand that Defendants pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

### COUNT VII
### VIOLATION OF CALIFORNIA LABOR CODE § 2802
### FAILURE TO INDEMNIFY EMPLOYEES' EXPENSES AND LOSSES

130.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

131.   California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

132.   During all relevant times, Defendants knowingly and willfully violated California Labor Code § 2802 by failing to pay Plaintiffs and members of the California Class who are no longer employed by Defendants all expenses and losses owed as alleged herein.  Defendants are therefore liable to Plaintiffs and members of

- 21 -

the California Class for expenses and losses incurred in direct consequence of the discharge of Plaintiffs' duties.

133.   Plaintiffs, individually and on behalf of the members of the California Class, respectfully request that the Court award all expenses and losses due, and the relief requested below in the Prayer for Relief.

**COUNT VIII**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq*.**

134.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

135.   Defendants engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) training and directing Class Members to work off-the-clock without compensation; (b) making deductions to Class Members' paychecks to recover overtime premiums earned by the employee; (c) requiring Class Members to work overtime without lawful premium compensation; (d) failing to provide lawful meal/rest breaks or premium compensation in lieu thereof; and (e) failing to provide accurate, itemized wage statements.

136.   In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

137.   As a result of Defendants' conduct, Plaintiffs and the Class have been harmed as described in the allegations set forth above.

138.   The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *el seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendants obtained valuable property, money and services from Plaintiffs and the Class, and have deprived Plaintiffs and the Class fundamental rights and privileges guaranteed to all employees under California law.

139.   Defendants were unjustly enriched by the policies and practices

- 22 -

described herein, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of California law.

140.   Plaintiffs seek, on their own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendants by means of the acts and practices described herein.

141.   Plaintiffs seek, on their own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class members in that Defendants will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the putative Collective and Class members, request judgment as follows:

a.   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.   Designating the named Plaintiffs as Representative of the proposed FLSA collective;

c.   Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all

- 23 -

those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d.    Certifying the proposed Rule 23 Class;

e.    Designating Plaintiffs as representatives of the proposed Rule 23 Class;

f.    Appointing Avanti Law Group, PLLC and Sommers Schwartz, P.C. as Class Counsel;

g.    Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h.    Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid minimum wage, and overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

i.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

j.    For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, and 226.7;

k.    For disgorgement and restitution to Plaintiffs and other similarly effected Class members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et seq.*;

l.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California

- 24 -

CLASS ACTION COMPLAINT                                              CASE NO:

1                 Business and Professions Code § 17200, *et seq.*;

2      m.     For an injunction prohibiting Defendants from engaging in the unfair
3               business practices complained of herein;

4      n.      For an injunction requiring Defendants to give notice to persons to whom
5               restitution is owing of the means by which to file for restitution;

6      o.      For actual damages or statutory penalties according to proof as set forth
7               in California Labor Code §§ 226, 1174, and IWC Wage Order No. 5, §
8               7(A) related to record keeping;

9      p.      For an order requiring Defendants to show cause, if any there be, why
10             they should not be enjoined and ordered to comply with the applicable
11             California Industrial Welfare Commission wage orders related to record
12             keeping for Defendants' employees related to same; and for an order
13             enjoining and restraining Defendants and their Class Members, servants
14             and employees related thereto;

15      q.      For pre-judgment interest as allowed by California Labor Code §§ 218.6,
16             1194 and 2802(b) and California Civil Code § 3287 and other statutes;

17      r.      Awarding civil penalties pursuant to California Labor Code § 2698, *et*
18             *seq.*;

19      s.      For reasonable attorneys' fees, expenses, and costs as provided by the
20             FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2802, and
21             California Code of Civil Procedure § 1021.5; and

22      t.      For such other and further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, Christopher Tiller and Maria Velasco-Gomez, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

- 25 -

CLASS ACTION COMPLAINT                         CASE NO:

1      DATE: December 18, 2017       Respectfully submitted,

2                                      FINKELSTEIN & KRINSK LLP

3

4                             By:  */s/Trenton R. Kashima*
                                       Trenton R. Kashima

5                                      Jeffrey R. Krinsk, Esq.
                                   Trenton R. Kashima, Esq.

6                                      550 West C St., Suite 1760
                                   San Diego, CA 92101-3593

7                                      Telephone:  (619) 238-1333
                                   Facsimile:   (619) 238-5425

8

9                                      Jason J. Thompson (*pro hac vice anticipated*)
                                   Jesse L. Young (p*ro hac vice anticipated*)

10                                     SOMMERS SCHWARTZ, P.C.
                                   One Towne Square, Suite 1700

11                                     Southfield, Michigan 48076

12                                     Telephone: (248) 355-0300
                                   Facsimile: (248) 436-8453

13

14                                     *Counsel for Plaintiffs and Putative Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                   CASE NO: